# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **MACK LAMAR MELTON,** Appellant | **CIVIL DOCKET NO. 1:18-CV-00475** |
| **VERSUS** | **JUDGE DRELL** |
| **UNITED STATES COMMISSIONER OF SOCIAL SECURITY,** Appellee | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## MEMORANDUM ORDER

Claimant Mack Lamar Melton ("Melton") appeals the denial of his application for social security disability benefits. Because there is new, material evidence that Melton was previously found disabled and awarded benefits, and that he may have worked while receiving those benefits, it is ordered that this case is REMANDED pursuant to sentence six.

## I. Background

### A. Procedural Background

Mack Lamar Melton filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI")[1] on August 15, 2015, alleging a disability onset date of February 15, 2015 (ECF No. 13-1 at 173, 179) due to "bipolar, manic depression, leg pain, back pain" (ECF No. 13-1 at 209). Those applications were denied by the Social Security Administration ("SSA"). ECF No. 13-1 at 104.

---

[1] Melton's SSI application was filed jointly with his wife, Kimberly Melton.

A de novo hearing was held before an Administrative Law Judge ("ALJ") at which Melton appeared with his attorney and a vocational expert ("VE"). ECF No. 13-1 at 33. The ALJ found that Melton has severe impairments of degenerative disc disease; left shoulder impingement; residuals from being hit by a car including bilateral lower extremity pain; obesity; bipolar disorder; intermittent explosive disorder; anxiety; and depression (ECF No. 13-1 at 19). Still, the ALJ found he has the residual functional capacity to do a limited range of sedentary work (ECF No. 13-1 at 27). Thus, the ALJ concluded that Melton was not disabled from February 15, 2015 through the date of her decision on April 3, 2017. ECF No. 13-1 at 28.

Melton requested a review of the ALJ's decision, but the Appeals Council declined to review it (ECF No. 13-1 at 5) and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Melton filed this appeal for judicial review of the Commissioner's final decision. Melton contends the ALJ erred in failing to find his mental and physical problems prevent him from working. ECF No. 18.

### B.    ALJ's Findings and Conclusions

To determine disability, the ALJ applied the sequential process outlined in 20 C.F.R. §404.1520(a) and 20 C.F.R. §416.920(a). The sequential process required the ALJ to determine whether Melton (1) is presently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"); (4) is unable to do the kind of work he did in the past; and (5) can perform any other type of work. If it is determined at

any step of that process that a claimant is or is not disabled, the sequential process ends. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. den.*, 514 U.S. 1120 (1995) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

To be entitled to benefits, an applicant bears the initial burden of showing that he is disabled. Under the regulations, this means that the claimant bears the burden of proof on the first four steps of the sequential analysis. Once this initial burden is satisfied, the Commissioner bears the burden of establishing that the claimant is capable of performing work in the national economy. *See Greenspan*, 38 F.3d at 237.

In the case at bar, the ALJ found that Melton has not engaged in substantial gainful activity since February 15, 2015 (ECF No. 13-1 at 19). The ALJ found Melton has severe impairments of degenerative disc disease and left shoulder impingement, residuals from a motor vehicle accident in 1995 including bilateral lower extremity pain, obesity, bipolar disorder, intermittent explosive disorder, anxiety, and depression (ECF No. 13-1 at 19). But the ALJ found Melton does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix I (ECF No. 13-1 at 20). The ALJ also found that Melton is unable to perform his past relevant work as a construction laborer and a police officer (Tr. p. 26).

At Step No. 5 of the sequential process, the ALJ found that Melton has the residual functional capacity to perform the full range of sedentary work except as

reduced by his need for a sit/stand option; his inability to perform above-the-shoulder work; his inability to climb, balance, or work on uneven surfaces; his inability to interact with the public; and his inability to have more than occasional interaction with coworkers, his inability to engage in team work, and his need to work primarily with things rather than people. ECF No. 13-1 at 21-22. The ALJ found that Melton is a younger individual with a high school education, and the transferability of work skills is immaterial. ECF No. 13-1 at 27.

The ALJ concluded there are a significant number of jobs existing in the national economy that Melton can perform, such as cutter/paster (sedentary; unskilled; DOT[2] 249.587-014; 194, 977 jobs in the national economy); document preparer (sedentary; unskilled; DOT 290.587-018; 267,379 jobs in the national economy); and final assembler (sedentary; unskilled; DOT 713.687-018; 27,423 jobs in the national economy). ECF No. 13-1 at 27. Therefore, Melton was not under a "disability" as defined in the Social Security Act at any time from February 15, 2015 (the date he last worked) through the date of the ALJ's decision on April 3, 2017. ECF No. 13-1 at 28.

## II.  Law and Analysis

The administrative record and a letter from Melton's parents (attached to Melton's brief) show that Melton previously applied for disability benefits in 1995 and was granted benefits in 1997, following his recovery from being hit by a motor

---

[2] Dictionary of Occupational Titles.

vehicle.[3]  ECF No. 13-1 at 205; No. 18 at 9.  Melton's parents state in their letter that

Melton continued to receive disability benefits while working.  ECF No. 18 at 9.

There is no information in the administrative record as to when, why, or how

Melton's previous disability benefits were terminated.[4]  There is also no evidence that

the finding of disability was ever changed.[5]  The administrative record shows the

record of Melton's 1995 claim and benefits award was not requested by the Field

Office.  ECF No. 13-1 at 205.  Therefore, it does not appear the ALJ was informed of

---

[3] Melton's parents state that Melton was struck by a motor vehicle driven by a drunk driver as he was walking on the shoulder of the road.  ECF No. 18 at 8.  Melton had kidney damage, broken bones in both legs, a broken left ankle, and a cracked skull, and had screws in pins put in both legs.  ECF No. 18 at 8.  It was two years before Melton was walking again.  ECF No. 18 at 9.

[4] 42 U.S.C. § 408(a)(4) defines social security fraud:

(a) Whoever–

(4) having knowledge of the occurrence of any event affecting (1) his initial or continued right to any payment under this subchapter, or (2) the initial or continued right to any payment of any other individual in whose behalf he has applied for or is receiving such payment, conceals or fails to disclose such event with an intent fraudulently to secure payment either in a greater amount than is due or when no payment is authorized; . . . shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both . . . .

[5] A prior determination of disability is binding on all parties to the hearing and has a res judicata effect as to that record.  If the Commissioner reassesses a claimant's eligibility for benefits and no new evidence is submitted after the prior decision, the earlier findings as to disability may not be overruled merely on a reappraisal of earlier evidence.  Accordingly, once evidence has been presented which supports a finding that a given condition exists, it is presumed in the absence of proof to the contrary that the condition has remained unchanged.  *See Buckley v. Heckler*, 739 F.2d 1047, 1049 (5th Cir. 1984) (citing *Rivas v. Weinberger*, 475 F.2d 255 (5th Cir. 1973)); *see also Rucker v. Chater*, 92 F.3d 492 (7th Cir. 1996); *Taylor v. Heckler*, 742 F.2d 253, 254-57 (5th Cir. 1984); *James v. Gardner*, 384 F.2d 784, 786 (4th Cir. 1967), cert. den., 390 U.S. 999 (1968); *Bain v. Heckler*, 596 F. Supp. 253 (N.D. Tex. 1984).

Melton's previous award of disability benefits. A remand is necessary for the SSA to explore these issues.

The Supreme Court has identified two kinds of remands under 42 U.S.C. § 405(g): (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 623-29 (1990)). Those are the *only* kinds of remands permitted under the statute. *See Melkonyan*, 501 U.S. at 99.

The evidence before the Court that Melton previously received disability benefits and worked while he was receiving benefits is colorable and non-frivolous. However, there may be some reason not reflected in the administrative record that permitted Melton to proceed with another disability claim. Both sides should have an opportunity to explore the issue.

The fourth sentence of Section 405(g) states:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The sixth sentence of § 405(g) states:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings

> of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

If a remand is pursuant to the sixth sentence of § 405(g), "[t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Dudley v. Astrue*, 246 Fed. Appx. 249, 251 (5th Cir. 2007) (citing *Melkonyan*, 501 U.S. at 98). In the case of a remand pursuant to sentence six, the district court retains jurisdiction of the case. *See Dudley*, 246 Fed. Appx. at 251 (citing *Istre v. Apfel,* 208 F.3d 517, 519 (5th Cir. 2000)).

There was good cause for the failure to incorporate the evidence into the record before the ALJ because the SSA Field Office had the information that Melton had previously been awarded disability benefits and elected not to obtain the record of that claim. Melton's parents provided additional information about those benefits to this Court, but did not testify at his administrative hearing. Therefore, the ALJ did not have before her the information regarding: Melton's previous benefits award; the previous finding of disability; whether Melton was subsequently found to be no longer disabled; and whether Melton worked while receiving disability benefits.

Since a court "may at any time order additional evidence to be taken before the Commissioner of Social Security," sentence six is the appropriate remand in this case. Under the unique circumstances of this case, the Court declines to enter a judgment affirming, modifying, or reversing the Commissioner's final decision. Instead, it appears most appropriate to permit the parties to investigate the new evidence and

determine what actually occurred and whether it affects the Commissioner's decision. *Compare Taylor-Tillotson v. Colvin*, 2014 WL 7211888 (S.D. Fla. 2014). [6]

Accordingly, this case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for investigation of the evidence that Melton was previously found disabled and awarded disability benefits; determine whether he worked while receiving disability benefits; and determine what effect, if any, that information has on the Commissioner's final decision on Melton's current application for disability benefits.

## III. Conclusion

Based on the foregoing, IT IS ORDERED that this matter is REMANDED to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) for the taking of additional evidence and for additional review and consideration as to:

---

[6] In *Taylor-Tillotson v. Colvin*, the court was faced with a similar set of circumstances. In that case, the claimant falsely stated to the SSA that she was married to the deceased when he died, and filed a claim for disabled widow's benefits. After a hearing, the ALJ denied benefits, finding the claimant was not disabled. The case went to the district court, where it was stayed following the court's discovery that the claimant had been divorced from the decedent for more than 15 years before his death.

The court in *Taylor-Tillotson* reasoned that when a district court handling an administrative appeal is faced with alleged newly discovered evidence of fraud or perjury in the administrative proceeding below, it should not turn a blind eye to such evidence but should instead determine how to fairly and correctly proceed in the face of such newly discovered evidence. *See Taylor-Tillotson,* 2014 WL 7211888 at *7. The court found it could not simply ignore the alleged newly discovered evidence of fraud and perjury, as to do so could cause manifest injustice to the parties and the public. Instead, the Court had a duty to ensure the evidence against the claimant was fully and fairly investigated. *See Taylor-Tillotson,* 2014 WL 7211888 at *7.

The court further reasoned that, when there is newly discovered material evidence, the court is authorized to remand the case, not to enter judgment based on the new evidence. The court ordered a sentence six remand. *See Taylor-Tillotson,* 2014 WL 7211888 at *7.

(1) the new evidence that Melton was previously found disabled by the SSA; (2) whether Melton's disability status was terminated; and (3) whether Melton worked while he received disability benefits. The Commissioner shall make findings of fact as to those issues, and issue an amended or modified decision if necessary.

IT IS FURTHER ORDERED that, *within 180 days from the date of this Order*, the Commissioner shall file with this Court the additional findings of fact, any amended or modified decision, a transcript of any additional hearing, and any additional evidence.

This Court shall retain jurisdiction over this case while this matter is on remand to the Commissioner. IT IS ORDERED that this case shall be STAYED while the matter is on remand to the Commissioner. Once the Commissioner files in this Court the additional findings of fact, any amended or modified decision, and any hearing transcript and/or additional evidence taken, the Court shall then lift the stay of this case and schedule further proceedings as deemed necessary by the Court.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this ___4th___ day of February 2020.

Joseph H.L. Perez-Montes
United States Magistrate Judge